**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN ANDRAOS, et al., <br><br> Defendants. | NO. CV 07-05732 SJO (FMOx) <br><br> **ORDER GRANTING COUNTER-CLAIMANTS' MOTION FOR SUMMARY ADJUDICATION** <br> [Docket No. 159] |
| UNION CENTRAL LIFE INSURANCE COMPANY, <br><br> Counter-claimant, <br><br> v. <br><br> THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, INC. <br><br> Counter-defendant. | |

This matter is before the Court on Defendants/Counter-Claimants John Andraos and Andraos Capital Management & Insurance Services, Inc.'s ("ACM") (collectively, "Counter-Claimants") Motion for Summary Adjudication, filed February 17, 2009. Plaintiff/Counter-Defendant The Guardian Life Insurance Company of America ("Guardian") filed an Opposition, to which Counter-Claimants replied. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for March 23, 2009. *See* Fed. R. Civ. P. 78(b). Because of the following reasons, Counter-Claimants' Motion is GRANTED.

I.   BACKGROUND

In 1999, Guardian entered into an Agreement of General Agency (the "1999 Agreement") with Andraos. (Andraos Decl. ¶ 2, Ex. 1.) In 2003, Guardian entered into an agreement with ACM (the "2003 Agreement") which largely superseded the 1999 Agreement, and substituted Andraos' company, ACM, for Andraos as the principal. (Andraos Decl. ¶ 3, Ex. 2.) Both the 1999 Agreement and the 2003 Agreement contain an identical provision, Section 5(c), which provides:

> The Principal covenants and agrees that after termination of this Agreement, whether terminated by the Principal or by the Company, the principal will not directly or indirectly by or through any partner, agent, employer, or firm on the Principal's behalf, advise, induce or attempt to induce any policyholder or annuitant of the Company or any subsidiary company of the Company to lapse, cancel, or replace any insurance policy or annuity of the Company or of any subsidiary company. The prohibitions shall last for a period of one (1) year following the termination of this Agreement and in the event the Principal breaches this provision, the Principal agrees that the Company may compel the Principal's compliance with this provision by injunction, or by any other remedy at law or equity, or by any other remedy under this contract.

(Andraos Decl. Exs. 1, 2 § 5(c).) In 2006 ACM and Guardian entered into an amendment to the 2003 Agreement that expanded the geographic scope of ACM's territory, but which otherwise left the remaining provisions of the 2003 Agreement "in full force and effect" (the "2006 Agreement"). (Andraos Decl. ¶ 5, Ex. 3.) In August 2007, ACM terminated its agency with Guardian. (Anrdaos Decl. ¶ 6, Ex. 3.)

Guardian brought suit against Counter-Claimants, alleging that they encouraged several field representatives to resign from their positions with Guardian, fraudulently signed up policyholders for plans that yielded high commissions, induced Guardian policyholders to surrender and/or lapse their policies, and otherwise improperly lured clients away from Guardian while manipulating Guardian's commission system. In response, Counter-Claimants filed a number of counterclaims.

Counter-Claimants now move for summary judgment on their first counter-claim against Guardian for a declaratory judgement that Section 5(c) of the Agreement is an invalid and unenforceable covenant not to compete under California Business and Professions Code ("CBPC") § 16600.

## II. DISCUSSION

Summary judgment is proper only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A "material" fact is one that could affect the outcome of the case, and an issue of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the court views the evidence in the light most favorable to the non-moving party. *Id.* at 255.

CBPC § 16600 states: "[e]xcept as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade or business of any kind is to that extent void." Cal. Ins. Code § 16600. The chapter excepts noncompetition agreements in the sale or dissolution of corporations (§ 16601), partnerships (§ 16602), and limited liability corporations (§ 16602.5). The California Supreme Court recently clarified the scope and application of § 16600, stating that "under the statute's plain meaning, . . . an employer cannot by contract restrain a former employee from engaging in his or her profession, trade, or business unless the agreement falls within one of the exceptions to the rule." *Edwards v. Arthur Anderson LLP*, 44 Cal. 4th 937, 946 (2008) (holding invalid a noncompetition clause because it "restricted [the plaintiff] from performing work for [the defendant]'s Los Angeles clients and therefore restricted his ability to practice his accounting profession"). *Id.* In addition, the court explicitly rejected the judicially created "narrow-restraint" exception, under which some courts allowed restrictions on competition that barred ex-employees from "pursuing only a small or limited part of the business, trade or profession." *Id.* at 949-950 (citing *Campbell v. Bd. of Trustees*, 817 F.2d 499, 503 (9th Cir. 1987)). The court explained that "§ 16600 represents a strong public policy of the state which should not be diluted by judicial fiat." *Edwards*, 44 Cal. 4th at 949-950. It also noted that "§ 16600 evinces a settled legislative policy in favor of open competition and employee mobility," and that "following the Legislature, this court generally condemns noncompetition agreements." *Id.* at 946.

In the instant case, the noncompetition clause prohibits Counter-Claimants from "advis[ing], induc[ing] or attempt[ing] to induce any policyholder or annuitant of [Guardian or its subsidiaries] to lapse, cancel, or replace any insurance policy or annuity of [Guardian or its subsidiaries]." (Andraos Decl. Exs. 1, 2, § 5(c).) Guardian contends that this clause does not restrain Counter-Claimants from engaging in lawful activities, but rather only prohibits them from unlawfully interfering with Guardian's contracts. (Counter-Def.'s Opp'n 2.) Guardian notes that there is a judicially created exception to § 16600 for restraints on trade secret misappropriation (*see, e.g., Beebe v. Mobility,* Inc., No. 07-CV-1766, 2008 U.S. Dist. LEXIS 12400, at *5 (S.D. Cal. Feb. 20, 2008) (citing *Thompson v. Impaxx, Inc.*, 113 Cal. App. 4th 1425, 1429 (Cal. Ct. App. 2003)), and asks the Court to create a new exception for restraints on tortious interference with contract. (Counter-Defs.' Opp'n 5.)

Federal courts must follow a state supreme court's interpretation of its own statute in the absence of extraordinary circumstances. *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir. 1986). If a state high court has not decided an issue, the federal court's task is to predict how the state high court would resolve it. *Id.* The California Supreme Court has made clear that § 16600 is to be read broadly, and that judicially created exceptions are not encouraged. *Edwards*, 44 Cal. 4th at 949-950; *see also Mail Boxes Etc., USA, Inc. v. Considine*, 2000 U.S. App. LEXIS 16185, at *3 n.4 (9th Cir. Jul. 11, 2000) (citing *Scott v. Snelling and Snelling*, 732 F. Supp. 1034, 1040-1042 (N.D. Cal. 1990)) (noting that "California courts have interpreted and applied § 16600 broadly"). Accordingly, the Court declines to create a new exception to § 16600's broad ban on noncompetition agreements.

In addition, the Court rejects Guardian's contention that *Edwards* is inapplicable to the instant action because it involves an independent contractor rather than an employee. (See Counter-Defs.' Opp'n 7.) Section 16600 provides that "every contract by which *anyone* is restrained from engaging in a lawful profession, trade or business of any kind is to that extent void." Cal. Ins. Code § 16600 (emphasis added). The Court sees no reason why the California Supreme Court's interpretation of this law would apply differently to employees versus independent contractors.

III. **RULING**

For the foregoing reasons, the Court GRANTS Counter-Claimants' Motion for Summary Adjudication and finds that the non-compete provision of the Agreements is void under California law.

IT IS SO ORDERED.

March 26, 2009

*S. James Otero*

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE