**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>JOHN ANDRAOS, et al., <br><br>　　　　Defendants. <br><br>UNION CENTRAL LIFE INSURANCE COMPANY, <br><br>　　　　Counter-claimant, <br><br>　　v. <br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, INC. <br><br>　　　　Counter-defendant. | NO. CV 07-05732 SJO (FMOx) <br><br>**ORDER DENYING PLAINTIFF/COUNTER-DEFENDANT THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA'S MOTION FOR REVIEW OF NONDISPOSITIVE RULING OF MAGISTRATE JUDGE'S ORDER AWARDING AS SANCTIONS ATTORNEYS' FEES TO DEFENDANTS/COUNTER-CLAIMANTS JOHN ANDRAOS AND ANDRAOS CAPITAL MANAGEMENT & INSURANCE SERVICES, INC.** <br>[Docket No. 165] |

　　This matter is before the Court on Plaintiff/Counter-Defendant The Guardian Life Insurance Company of America, Inc.'s ("Guardian") Motion for Review of Nondispositive Ruling of Magistrate Judge's Order Awarding as Sanctions Attorneys' Fees to Defendants/Counter-Claimants John Andraos and Andraos Capital Management & Insurance Services, Inc. (collectively "Defendants"), filed February 25, 2009. Defendants filed an Opposition, to which Guardian replied. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for

March 23, 2009.  *See* Fed. R. Civ. P. 78(b).  Because of the following reasons, Guardian's Motion is DENIED.

I. BACKGROUND

In January 2009, Defendants moved to compel Guardian to provide unredacted versions of documents Guardian previously produced in redacted form.  (Defs.' Mot. Compel, Docket No. 131.)  Guardian argued that the Health Insurance Portability and Accountability Act ("HIPAA") prohibited it from producing the redacted information.  (Joint Stipulation 4, Docket No. 132.)  On February 10, 2009, Magistrate Judge Fernando M. Olguin ordered Guardian to produce the unredacted documents.  (*See* Order of Feb. 10, 2009 8.)  Judge Olguin noted that HIPAA permits disclosure of medical records pursuant to a subpoena or discovery request when the healthcare provider "receives satisfactory assurance . . . from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order."  (Order of Feb.10, 2009 2 (citing 45 C.F.R. § 164.512(e)(1)(ii)(B); *Deitch v. City of Olympia*, 2007 WL 1813852, at *3 (W.D. Wash. 2007)).)  He held that because "it is clear that Defendants made 'reasonable efforts' to secure a qualified protective order," Guardian "had no basis under HIPAA for refusing to produce unredacted, nonprivileged, responsive documents."  (Order of Feb. 10, 2009 3, 6.)  In addition to ordering Guardian to produce the unredacted documents, Judge Olguin ordered Guardian and its counsel, jointly and severally, to pay Defendants $1,575.00 as sanctions for the discovery motion.  (Order of Feb. 10, 2009 8.)

Guardian now asks the Court to set aside the portion of Judge Olguin's Order requiring Guardian and its counsel, jointly and severally, to pay Defendants $1,575 in attorneys' fees. Guardian argues that the Court should set aside Judge Olguin's award of sanctions because: "(1) Defendant[s] never raised a 'reasonable efforts' argument in [their] motion and Guardian therefore never responded to such an argument; (2) Guardian has not taken, and does not intend to take, the position that it could ever violate a court order compelling production of documents; and (3) Guardian's conduct in discovery and in response to the motion to compel was at all times reasonable and in good faith."  (Pl.'s Mot. 5.)

II. DISCUSSION

Rule 72 and Local Rule 72.2-1 allow a party to object to a magistrate judge's rulings on matters that are not dispositive of any claims or defenses by filing a motion with the assigned district judge. The district judge must modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

Judge Olguin imposed sanctions against Guardian in the amount of $1,575 pursuant to Rule 37, which provides: "If the motion [to compel] is granted–or if the disclosure or requested discovery is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. Proc. 37(a)(5)(A). However, "the court must not order this payment if . . . the opposing party's nondisclosure, response or objection was substantially justified, or other circumstances make an award of expenses unjust." *Id.* To award sanctions, "no bad faith is required; even negligent failures to allow reasonable discovery may establish cause for imposing sanctions under Rule 37." *Eureka Fin. Corp. v. Hartford Accident & Indem. Co.*, 136 F.R.D 179, 186 (E.D. Cal. 2007) (citing *Marquis v. Chrysler Corp.*, 577 F.2d 624 (9th Cir. 1978)).

Judge Olguin concluded in his Order awarding sanctions that Guardian's nondisclosure was not substantially justifies, and that an award of expenses was not unjust. He explained that "it is clear that Defendants made 'reasonable efforts' to secure a qualified protective order, and thus Guardian "had no basis under HIPAA for refusing to produce unredacted, nonprivileged, responsive documents." (Order of Feb. 10, 2009 3, 6.) In addition, although Guardian did not challenge the amount of sanctions Defendants' sought, Judge Olguin independently reviewed the record and concluded that $6,275 Defendants asked for was unreasonable. Instead, he awarded only $1,575.

The Court concludes that Judge Olguin's decision to award sanctions in light of Rule 37's mandate was not clearly erroneous or contrary to law. Despite Guardian's contention that sanctions were unwarranted because Defendants' never raised a 'reasonable efforts' argument in [their] motion, it is not Defendants' responsibility to inform Guardian of the regulations and case

law regarding HIPAA. Guardian's argument that it acted in good faith is also unpersuasive. *See Eureka Fin. Corp. v. Hartford Accident & Indem. Co.*, 136 F.R.D at 186. The Court also notes that Guardian's Motion is completely devoid of case law or other authority to support its position. Accordingly, the Court DENIES Guardian's Motion.

III. <u>RULING</u>

For the foregoing reasons, the Court DENIES Guardian's Motion for Review of Nondispositive

of Magistrate Judge's Order Awarding as Sanctions Attorneys' Fees to Defendants.

IT IS SO ORDERED.

March 26, 2009

*S. James Otero*

———————————————
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE