# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN ANDRAOS, et al., <br><br> Defendants. | NO. CV 07-05732 SJO (FMOx) <br><br> **ORDER GRANTING DEFENSE COUNSEL'S MOTION TO BE RELIEVED AS COUNSEL PURSUANT TO LOCAL RULE 83-2.9.2.1** <br> [Docket No.164] |
| UNION CENTRAL LIFE INSURANCE COMPANY, <br><br> Counter-claimant, <br><br> v. <br><br> THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, INC. <br><br> Counter-defendant. | |

This matter is before the Court on Defendants Joseph Mignogna and Ali Derakhshanfar's (collectively, "Defendants") Counsel's Motion to Be Relieved as Counsel Pursuant to Local Rule 83-2.9.2.1, filed February 20, 2009. Plaintiff Guardian Life Insurance Company of America has filed notice with the Court that it does not oppose the Motion as long as it does not delay discovery or trial. (Docket No. 151.) The Court found this matter suitable for disposition without oral argument and vacated the hearing set for March 23, 2009. *See* Fed. R. Civ. P. 78(b). Because of the following reasons, Defense Counsel's Motion is GRANTED.

I.  BACKGROUND

Afshin David Youssefyeh represents Defendants in this action, and moves to withdraw on the grounds that "Defendants have specifically told A. David Youssefyeh that they don't want the Law Offices of Afshin David Youssefyeh to do any work for them with regards to this matter" (Mot. 2), and that Defendants have ceased all communication with his firm (Youssefyeh Decl. ¶ 3). In addition, Defendants have retained attorney Lynne Romano to represent them in the action, who has filed an application to substitute with the Court. (Youssefyeh Decl. ¶ 3; Requests to Substitute, filed as Docket Nos. 149, 150, 159, 160.)

II.  DISCUSSION

California Rule of Professional Conduct 3-700(C)(5) provides for the permissive withdraw of counsel when "[t]he client knowingly and freely assents to termination of the employment." The California Rules of Professional Conduct also provide that counsel may request permission to withdraw when the client "by other conduct renders it unreasonably difficult for [counsel] to carry out the employment effectively." Cal. R. Prof. Conduct 3-700(C)(1)(d). Further, an "irreparable breakdown of the working relationship between counsel and client" may support withdrawal. *Manfredi & Levine v. Superior Court*, 78 Cal. Rptr. 2d 494, 499 (Cal. Ct. App. 1998). "The determination whether to grant or deny an attorney's motion to withdraw as counsel of record lies within the sound discretion of the trial court, having in mind whether such withdrawal might work an injustice in the handling of the case." *Lempert v. Superior Court*, 5 Cal. Rptr. 3d 700, 709 (Cal. Ct. App. 2003) (citing *People v. Prince*, 74 Cal. Rptr. 197, 203 (Cal. Ct. App. 1968)). In the instant action, Defendants have knowingly and freely requested the termination of Youssefyeh's employment and the substitution of Romano as counsel. (Youssefyeh Decl. ¶ 3.) Furthermore, Defendants' discontinued contact with Youssefyeh's firm renders it unreasonably difficult for Youssefyeh to carry out his employment effectively. (Youssefyeh Decl. ¶ 3.)

Local Rule 83-2.9.2.1 provides: "An attorney may not withdraw as counsel except by leave of court. An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." Here, Youssefyeh has notified Defendants, as well as the other parties to the action, of his Motion.

(Docket Nos 149, 150, 159, 160; Notice of Electronic Filling.)  Lastly, the proposed substitution of Romano and withdrawal of current defense counsel will not prejudice the parties, as trial is not set to commence until September 15, 2009.

III. <u>RULING</u>

For the foregoing reasons, the Court GRANTS Defense Counsel's Motion.

IT IS SO ORDERED.

March 26, 2009

*S. James Otero*

_____

S. JAMES OTERO

UNITED STATES DISTRICT JUDGE