UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** CV 07-05732 SJO (FMOx)    **DATE:** September 3, 2009

**TITLE:** The Guardian Life Insurance Company of America v. John Andraos, et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                Not Present
Courtroom Clerk                                 Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**              **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                     Not Present

========================================================================
**PROCEEDINGS (in chambers):**
ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE ISSUED AGAINST FARIBA RAHIMI FOR FAILURE TO COMPLY WITH LOCAL RULES AND COURT'S STANDING ORDER

    Attorney Fariba Rahimi, representing Defendants John Andraos and Andraos Capital Management & Insurance Services, has failed to comply with the Local Rules and this Court's Standing Order on multiple occasions.

    First, Rahimi filed a 25-page reply in support of a motion for summary judgment. (*See* Docket No. 234.) This document was not double-spaced, contained 31 lines per page, and consisted almost entirely of new arguments not raised in the initial motion and not responsive to the opposition. The Court's Standing Order clearly states: "No reply may exceed five pages." (Standing Order ¶ 19.) In addition, the Local Rules provide that all pleadings "shall be . . . not more than 28 lines per page. . . . The lines on each page shall be double spaced." (L.R. 11-3.2) Lastly, the Court's Standing Order states that "[r]eply papers are limited to argument and authorities responsive to the opposition papers. The Court will not address new matter that was improperly introduced." (Standing Order ¶ 18(d).) Due to Rahimi's multiple violations of the Standing Order and Local Rules, the Court struck her reply. (*See* Docket No. 236.)

    Next, Rahimi re-filed a reply that was six pages in length, single-spaced, contained 34 lines per page, and once again consisted almost entirely of new arguments not responsive to the opposition. (*See* Docket No. 239.) This document thus violated the Local Rules and the Court's Standing Order.

    Most recently, Rahimi has failed to file almost all of the required pretrial documents. Specifically, the Court's Standing Order clearly requires the parties to submit a proposed pretrial conference order seven days before the pretrial conference, and a joint witness list, a joint exhibit list, and a pretrial exhibit stipulation not later than 21 days before the pretrial conference. (*See* Standing Order ¶ 24.) The Standing Order also states that "each party must serve and file a memorandum of contentions of fact and law" at least 21 days before the pretrial conference.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 07-05732 SJO (FMOx)</u>     **DATE:** <u>September 3, 2009</u>

*See id.* Despite these clear requirements, Rahimi failed to participate in or otherwise comment on the proposed pretrial conference order, and likewise failed to submit her portions of the joint exhibit list and exhibit stipulation, or to file these items separately. Rahimi also failed to file the required memorandum of contentions of fact and law. In addition, regarding the witness list, Rahimi did not provide any cross-examination time estimates for the other parties' witnesses, and many of Rahimi's summaries of testimony are identical, in violation of the Court's requirement that the summaries "must enable the Court to determine if the testimony is cumulative." *See id.* ¶ 24(b)(3)(b).)

The Court's Standing Order explicitly states that "[i]f counsel fail to file the required pretrial documents . . . and such failure is not otherwise satisfactorily explained to the Court . . . . (b) default judgment will be entered, if such failure occurs on the part of the defendant, or (c) the Court may take such action as it deems appropriate. Failure of counsel to strictly follow the provisions of this Order may subject the non-complying party and its attorney to sanctions and may constitute a waiver of jury trial." (Standing Order ¶ 24.)

Accordingly, the Court hereby ORDERS Rahimi to appear on **Tuesday, September 8, 2009 @ 9am** to show cause why default judgment should not be entered against her clients and/or why other sanctions should not issue. Rahimi shall file a written response to this Order on or before **Friday, September 4, 2009 @ 4:30pm**.

IT IS SO ORDERED.