**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE CO. OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN ANDRAOS, et al.,<br><br>　　　　Defendants. | NO. CV 07-05732 SJO (FMQx)<br><br>**ORDER GRANTING PLAINTIFF THE GUARDIAN LIFE INSURANCE CO. OF AMERICA'S MOTION FOR ACCOUNTING OF ATTORNEYS' FEES**<br>[Docket No. 384] |

　　　This matter is before the Court on Plaintiff The Guardian Life Insurance Co. Of America's ("Guardian") Motion for Accounting of Attorneys' Fees, filed October 12, 2009. Defendant John Andraos filed an Opposition, to which Plaintiff replied. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for November 9, 2009. *See* Fed. R. Civ. P. 78(b). For the following reasons, Plaintiff's Motion is GRANTED.

I.  BACKGROUND

Defendant John Andraos' counsel, Fariba Rahimi, failed to file pretrial documents as required by Local Rule ("L.R.") 16 and Standing Order ("S.O.") ¶ 24,[1] which Plaintiff had already filed with the Court. (Docket No. 379 (Minutes of Sept. 4, 2009 Teleconference).) As a result, on Friday, September 4, 2009, Ms. Rahimi, was ordered to meet and confer with Plaintiff's counsel over the weekend and to lodge all appropriate pretrial documents. (Docket No. 379 (Minutes of Sept. 4, 2009 Teleconference).) Specifically, Ms. Rahimi failed to (1) timely file a Memorandum of Contentions of Law and Fact, (2) timely file Defendant's portion of the Joint Exhibit List, (3) participate in the preparation of the Pretrial Exhibit Stipulation, and (4) participate in drafting and submission of the Pretrial Conference Order as required by S.O. ¶ 24. (Pl.'s Mot 2.) Due to her failure to comply, Ms. Rahimi was sanctioned and ordered to pay all attorneys' costs associated with the weekend meet and confer. (Docket No. 379.)

On September 14, 2009, the action settled in principle and the parties filed a stipulation of dismissal pursuant to a written settlement agreement on October 5, 2009. (Docket No. 383.) In the settlement agreement, Plaintiff specifically reserved its claim for entitlement to attorneys' fees and costs against Ms. Rahimi, mirroring the terms of the settlement read into the record on September 14, 2009. (*See* Docket No. 373 (Transcript of Sept. 14, 2009 Proceeding, p. 8:17-21).) Counsel for Plaintiff contacted Ms. Rahimi several times in order to resolve this issue, however, Ms. Rahimi refused, stating that the sanction issue was resolved by the settlement agreement. (Pl.'s Mot. 5.) Subsequently, Plaintiff filed the instant motion for an accounting of its fees.

II.  DISCUSSION

---

[1] L.R. 16 and S.O. ¶ 24 require that counsel meet and confer prior to the final pretrial conference in order to discuss various pretrial filings, streamline facts and issues for presentation to the jury, and prepare joint filings for trial, including: (1) the Joint Witness List; (2) the Joint Exhibit List; and (3) the Joint Statement of the Case and Voir Dire. Following the weekend meet and confer, parties sufficiently filed the required pretrial documents.

2

1  The Court agrees with Plaintiff that the settlement agreement between Plaintiff and Defendant did not cover the Court Order directing Ms. Rahimi to pay attorneys' fees as sanctions for failing to comply with L.R. 16 and S.O. ¶ 24. Therefore, the only issue left for the Court to resolve is whether the attorneys' fees requested by Plaintiff are reasonable.

"Reasonableness is the benchmark for sanctions based on attorneys' fees." *Mirch v. Frank*, 266 Fed. Appx. 586, 588 (9th Cir. 2008) (citing *Brown v. Baden* (In re Yagman), 796 F.2d 1165, 1184-1185 (9th Cir. 1986)). In determining reasonable attorneys' fees, courts must follow a two-part "lodestar" approach. *Intel Corp. V. Terabyte Int'l*, 6 F.3d 614, 622 (9th Cir. 1993). First, the court calculates the presumptively-reasonable lodestar figure by multiplying the hours reasonably spent on the litigation by a reasonable hourly rate. *Mirch*, 266 Fed. Appx. at 588 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Second, the court considers whether an adjustment to the lodestar figure is merited based on factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1986). *Mirch*, 266 Fed. Appx. at 588 (citing *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1212 (9th Cir. 1986)).

In total, Guardian seeks attorneys' fees of $9,304.25 in connection with the meet and confer process. (Pl.'s Mot. 5.) This total reflects the work of partners James Carroll and David Clancy, as well as associates Christopher Lisy and Jonathan Uslaner.

A.  <u>Hourly Rate</u>

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers*, 796 F.2d at 1210-11 (citing *Blum v. Stenson*, 45 U.S. 886, 895 n. 11 (1984)).

Here, Plaintiff is seeking an hourly billing rate of $451 for partners James Carroll and David Clancy and an hourly billing rate of $282 for associates Christopher Lisy and Jonathan Uslaner. (Pl.'s Mot. 7.) Plaintiff determined the hourly billing rates by using the average partner and associate billing rates set forth in a 2008 survey of billing rates conducted by the National Law Journal. (Lisy Decl. ¶ 12.) Because the rates set forth by Plaintiff are "guided by the rate

3

prevailing in the community for similar work performed by attorneys of comparable skill, experience and reputation," *Id.*, the Court finds that the hourly billing rates proffered by Plaintiff are reasonable.

### B. Hours Expended

Plaintiff's counsel seeks to bill a total of 27.75 hours (3.75 by Mr. Carroll, 5.0 by Mr. Clancy, 10.0 by Mr. Lisy and 9.0 by Mr. Uslaner) for three days of work. (Pl.'s Mot. 9.) After reviewing the amount of time billed by each attorney and the number of documents reviewed, negotiated, and agreed upon in order to prepare for the final pretrial conference, the Court finds that the number of hours billed by Plaintiff's counsel is reasonable.

### C. Adjustments

Once the lodestar figure has been calculated, any adjustments to the lodestar figure is based on the factors listed in *Kerr v. Screen Extras Guild*, 526 F.2d at 69-70. These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* However, there exists a "strong presumption" that the fee determined by multiplying a reasonable billing rate by the number of hours justifiably expended on a litigation constitutes an appropriate fee award. *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990). "Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 8 (9th Cir. 1996).

1   This Court finds that the facts do not warrant an adjustment to the lodestar figure in this
2   case.  Therefore, the Court finds that the amount billed by Plaintiff's counsel is reasonable.
3   Accordingly, Plaintiff's Motion for Accounting of Attorneys' Fees is GRANTED and Ms. Rahimi is
4   ordered to pay attorneys' fees in the amount of $9,304.25 to Plaintiff.

III.   RULING

For the foregoing reasons, the Court GRANTS Plaintiff's motion.  Counsel for Defendant John Andraos, Ms. Rahimi, is to pay attorneys' fees in the amount of $9,304.25 to Plaintiff.

IT IS SO ORDERED.

Dated: November 5, 2009

*S. James Otero*

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE